FRANK SALWIECZ, b. n. f. *v.* RUTLAND RAILWAY, LIGHT & POWER CO. ET AL.

February Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 11, 1928.

*Lawrence, Stafford & Bloomer* for the plaintiff.

*Fenton, Wing & Morse* for the defendants.

CHASE, J. The Rutland Railway, Light & Power Co., one of the defendants, formerly owned and operated an electric street railway line from Rutland to West Rutland and beyond to the west. It also owned and operated a transmission line hung on the poles which carried its trolley wire for about sixteen miles from Mendon Station to Castleton Corners. This transmission line carried 44,000 volts. On the first day of July, 1924, the Rutland Railway, Light & Power Co., permanently suspended the operation of its street railway west of West Rutland Village. Before this, on the 22nd day of October, 1919, it conveyed to the Vermont Hydro-Electric Corporation, the other defendant herein, the above-mentioned transmission line and on the 29th day of September, 1924, it conveyed to the Vermont Slate Belt Railway Corporation that portion of its street railway line, including the right of way and appurtenances, above mentioned as having been discontinued except "poles, wires and other appurtenant apparatus on the said right of way and not used for the transmission of electric current for motive power for said railroad exclusively." This exception in effect was of the rights it had conveyed to the Vermont Hydro-Electric Corporation when the transmission line was sold

in 1919. Previous to December 8, 1924, the Vermont Slate Belt Railway Corporation had had the street railway line it purchased wholly dismantled. On the last mentioned date the pole line carried three high-tension 44,000-volt transmission wires belonging to the Vermont Hydro-Electric Corporation attached to a cross-arm located near the top of the poles and about twenty-five feet from the ground; on another cross-arm seven feet four and one-half inches below the high-tension wires it carried a private telephone line of two wires belonging to the same · company; and on the same cross-arm two signal wires owned by the Rutland Railway, Light & Power Co., which had been used in connection with the operation of the street railway line, but had not been used since that had stopped running. On this 8th day of December, 1924, a little before noon, the plaintiff, a boy six years old, was on the right of way which the defendant Rutland Railway, Light & Power Co., had previously conveyed as above set forth, and came in contact in a way unknown with a loose wire which was hanging over the 44,000-volt transmission line. He was severely burned, and has brought this suit against both defendants to recover for his injuries. After he was hurt, it was discovered that a length of the signal wire, between the poles .standing on either side of the place where he was hurt, was gone and the wire hanging over the transmission line was like the missing piece. There was no evidence to show how or when the loose wire which hung down from the transmission line was put there, although there was evidence that about a week before this the signal wire had been hanging down · to the ground from one cross-arm to which it had been attached, having broken away from the other.

At the close of the plaintiff's evidence both defendants moved for a directed verdict. The motion was granted, and ·the exception then taken is the only one the plaintiff has briefed. He contends that the doctrine of *res ipsa loquitur* applies here as in the recently decided case of *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt. 414, 139 Atl. 440, and required the submission of the case to the jury. In part this is so. The Rutland Railway, Light & Power Co., simply owned the unused signal wires. It had no interest whatever in the transmission line or the electricity which escaped therefrom, and the motion, so far as it related to this defendant, was properly granted. The Vermont Hydro-Electric Corporation

owned the transmission line. Its electricity escaped and injured the plaintiff. The proof of this established a *prima facie* case. The plaintiff was on the land of the Vermont Slate Belt Railway Corporation when injured. Whether he was rightfully or wrongfully there is not, in view of the Humphrey Case, determinative of the question of liability here. Of course, the defendant may not be liable, for it is not an insurer, but its non-liability could not be ruled as a matter of law. The case should have gone to the jury with the Vermont Hydro-Electric Corporation the sole remaining defendant.

*Judgment for the Rutland Railway, Light & Power Company affirmed. Judgment for the Vermont Hydro-Electric Corporation reversed, and cause remanded.*