Rose A. Joly *v.* Coca-Cola Bottling Company of Rutland.
(55A2d 181)

May Term, 1947.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion Filed October 7, 1947.

*Clayton H. Kinney* for the defendant.

*Asa S. Bloomer* for the plaintiff.

STURTEVANT, J. This is an action to recover damages for personal injuries sustained by the plaintiff, Rose A. Joly, as a result of being struck in the face by part of a Coca-Cola bottle which burst shortly after she had placed it in the refrigerator at the store where she was employed. The defendants pleaded the general issue and trial was by jury. The plaintiff had a verdict and judgment below and the case is here on exceptions by the defendants.

We first consider exceptions saved by defendants to the refusal of the court to grant their motion for a directed verdict made at the close of all the evidence. Briefly stated, this motion was on the grounds that there was no evidence in the case that the defendants were guilty of any negligence that was a proximate cause of the accident which resulted in injury to the plaintiff; and also that the doctrine of res ipsa loquitur, upon which the plaintiff relies, has no application to this case and that this appears from undisputed facts shown by the evidence.

Viewed in the light most favorable to the plaintiff, the jury could reasonably find the following facts from the evidence. At all times here material, the defendants operated a bottling plant in the City of Rutland where Coca-Cola, a well-known carbonated soft drink, was bottled and prepared for sale and distribution to the general public. On July 7, 1944, the plaintiff was in the employ of her uncle, Napoleon Joly, who operated a store at the corner of Harrison and Library Avenues in Rutland city. On that day Joly, the store owner, purchased two cases of Coca-Cola from the de-

fendants. There were 24 bottles in each case and the cases contained a separate compartment for each bottle. This Coca-Cola was delivered at the store at about four o'clock p. m., by an employee of the defendants, carried from the truck into the store by him and left on the floor near the refrigerator. The plaintiff paid him for the goods and he left the store immediately. The day was cloudy and the temperature ranged from a high of 88 degrees to a low of 57 degrees. About ten minutes after the Coca-Cola had been delivered, the plaintiff started to place it in the refrigerator. She picked up one of the cases and placed it on the floor nearer to the refrigerator preparatory to transferring the bottles into the cooler. Taking the first bottle in her right hand she placed it on the bottom of the refrigerator near the door and was in the act of transferring a second bottle with her left hand when the first bottle exploded in such a manner that a part of that bottle struck her, cutting the side of her face. No one came into the store between the time of the delivery of the bottles and the time of the accident. She did not strike the bottle against anything or do anything to cause it to break. The laceration which plaintiff received on the side of her face was about two inches in length and left a permanent scar. As a result of her injury she lost about 2½ hours from her work and her medical and hospital expenses for treatment did not exceed $25.00. After the explosion, the cap was found to be in place on the top of the bottle at the bottom of and inside the refrigerator. One of defendants' expert witnesses testified in cross examination that, assuming the plaintiff's testimony to be true, the cause of the explosion was either that the bottle was weak or abnormal or the internal pressure was too great. "It would have to be one or the other." This testimony was not disputed.

The defendants introduced evidence tending to show that due care was used by them in the selection and inspection of bottles used as well as in all other matters concerning the preparation of the bottles and their contents for delivery to the general public. A normal bottle of Coca-Cola manufactured by them has an internal pressure of from 52½ pounds to 55 pounds per square inch. The pieces of the bottle were introduced in evidence by the plaintiff. One of the defendants' expert witnesses testified that the appearance of the top part of the bottle indicated to him that the bottle received a blow from some hard object just below the cap and it was his opinion that this blow cracked or weakened the bottle so

that the internal pressure caused it to explode immediately upon receipt of such blow.

The plaintiff introduced no specific evidence tending to show that the defendants were negligent in the preparation and delivery of the bottle in question but rested her case on the showing that the explosion occurred under the circumstances as hereinbefore stated. That is, she relied upon the doctrine of res ipsa loquitur to take her case to the jury. The defendants contend that this doctrine has no application here because it appears without question that at the time of the accident the bottle which exploded was in the control and possession of the plaintiff and that the defendants then had no control or management of it.

Speaking of the doctrine of res ipsa loquitur, this Court has stated the following: "Without attempting to formulate a rule embracing every case to which the maxim is to be applied, we think it clear, from the authorities cited, that when the defendant owes a duty to the plaintiff to use a certain degree of care in respect to the thing causing the accident, to prevent the occurence of such accident, and the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not occur if those who have the management use proper care, it affords evidence, in the absence of evidence showing that it happened without the fault of the defendant, that the accident arose from the lack of requisite care. In such case, the occurrence itself, unexplained, shows prima facie a shortage of legal duty on the part of the defendant.

"This doctrine does not dispense with the rule that the party who alleges negligence must prove it, but, on the contrary, it only determines the mode of proving it, or what shall be prima facie evidence of negligence in a certain class of cases." *Houston* v. *Brush & Curtis,* 66 Vt 331, 346, 29A 380, 384. Also see *Desmarcier* v. *Frost,* 91 Vt 138, 144, 99A 782; *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt 414, 423, 424, 139A 440, 56ALR 1011.

"The inference which the doctrine permits is grounded upon the fact that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to the defendant but inaccessible to the plaintiff." 38 Am Jur p. 995, § 299. Also see 45 CJ p. 1205, § 773, b.

In support of their contention that the res ipsa doctrine does not apply to the facts shown by the evidence in this case, the

178

defendants have cited several A. L. R. annotations, viz., 4 ALR 1095; 8 ALR 500; 39 ALR 1006; 56 ALR 593 and LRA 1916 E, 1078. The defendants also cite several specific cases in their brief which will hereinafter be mentioned. As to the many cases included in this general citation, it is sufficient to state that an examination of all of them discloses that many do not apply here because the facts upon which they are turned do not square with the facts in the case at bar. While some of them support the defendants' contention, there are several others that support the plaintiff's claim. Because of conflicts in conclusions reached in these cases, no rule of general application can be deduced from them. Whether the maxim applies to a particular case depends, to a great extent, upon the particular facts disclosed by the evidence in such case. This is true because "the doctrine of res ipsa loquitur . . . is not a rigid or arbitrary formula, but a rule that adjusts itself to circumstances". 45 CJ p. 1200, § 771 c; *Goldman & Freiman Bottling Co.* v. *Sindell,* 140 Md 488, 117 A at 871.

When the facts in this case are considered in the light of the nature, purpose and foundation of the res ipsa doctrine, reason and justice appear to dictate that this plaintiff should be entitled to the benefits of the maxim. This is so because the defendants, by methods known best to them, by men and machinery under their exclusive control and with ingredients and in bottles prepared or purchased by them, were in the better position to explain the cause for the explosion. *Canada Dry Ginger Ale Co. Inc.* v. *Jochum,* DC Mun App, 43 A2d 42, 43. The doctrine has been applied in several jurisdictions where the material facts were similar to those in the case at bar. Included among these are: *Canada Dry Ginger Ale Co. Inc.* v. *Jochum,* DC Mun App, 43 A2d 42, 43; *McPherson et al* v. *Canada Dry Ginger Ale Co. Inc.,* 129 NJL 365, 29 A2d 868; *Payne* v. *Rome Coca-Cola Bottling Co.,* 10 Ga App 762, 73SE 1087; *Stolle* v. *Anheuser Busch, Inc.,* 307 Mo 520, 271 SW497, 39ALR 1001. In cases such as the one at bar, the test of liability is whether there was negligence by the defendant bottlers while the product was under their exclusive control, which contributed to the accident as a proximate cause. *Canada Dry Ginger Ale Co. Inc.* v. *Jochum, supra,* DC Mun App, 43 A2d at 43; *Benkendorfer* v. *Garrett,* Tex. Civ. App., 143 SW2d 1020; *Goldman, etc.* v. *Sindell,* 140 Md 488, 117 A 866. In this connection it is to be noted that in the case at bar, if we assume the truth of the plaintiff's testimony,

the cause of the explosion was either that the bottle was weak or abnormal or the internal pressure was too great. The defendants had exclusive control of both these things in preparing the bottle and its contents for delivery in the regular course of their business.

In respect to the preparation of carbonated beverages by a manufacturer for delivery to the public, there is a reasonable analogy between a bottle which explodes and one which contains glass or some other foreign substances. There can be no difference as to the legal principles involved in determining the manufacturer's liability whether the plaintiff claims he was injured internally by drinking the contents of a bottle of Coca-Cola which contained a foreign substance or whether he is claiming that he was injured externally by pieces of flying glass under circumstances as shown by the evidence in the case at bar. In either situation the consumer would contend that the danger was in the beverage or in the manner in which it was packaged and delivered for human consumption. *Canada Dry Ginger Ale Co.* v. *Jochum, supra,* DC Mun App, 43 A2d at 43. In *Fisher* v. *Washington Coca-Cola Bottling Works,* 66 App. D. C. 7, 84 F2d 261, 262, 105 ALR 1034, the material facts in the case as made by the plaintiff, briefly stated, were as follows. The plaintiff entered a store and purchased a bottle of Coca-Cola which was opened in his presence by the proprietor and handed to him. As he was drinking it he noticed a peculiar taste in the beverage and upon inspecting the bottle found it to contain some foreign substance, some pieces of which were floating in the liquid and other pieces adhered to the bottle. He was made ill by drinking the liquid. There was evidence in the case tending to show that when the bottle was opened in the plaintiff's presence, both it and its contents were in the same condition as when delivered to the store by the defendant manufacturer. The lower court directed a verdict for the defendant on the ground that the doctrine of res ipsa loquitur did not apply to the facts in that case and therefore there was no question of defendant's negligence to go to the jury. Plaintiff appealed to the United States Court of Appeals for the District of Columbia. Held, that from the case made by the plaintiff, it was clear that it was one for the jury on the doctrine of res ipsa loquitur. In reply to the defendant's contention that the bottle was not in its possession or under its management and control at the time of the accident, the court states, 105 ALR at 1036, ". . . the jury might properly have

concluded from the plaintiff's case that the contents of the bottle were undisturbed until it reached the plaintiff's hands. Under the testimony, the defendant, for all practical purposes, was in exclusive control of the bottle and its contents until it was opened." To the same effect are: *Goldman, etc. Bottling Co.* v. *Sindell,* 140 Md at 498, 117 A 866; *Rozumailski* v. *Phila. Coca-Cola B. Co.,* 296 Pa 114, 145 A 700; *Chevy Chase Dairy* v. *Mullineaux,* 63 App DC 259, 71 F2d 982; also see *Sweeney* v. *Erving,* 228 US 233 at 238, 239, 33 S Ct 416, 57L Ed 815, Ann Cas 1914D 905.

The defendants place much stress on *Stoddard* v. *Coca-Cola Bottling Plants,* Me, 48 A2d 622. In that case the plaintiff's declaration contained no general allegation of negligence but alleged that the cause of the explosion of the bottle, which occurred under circumstances similar to those in the case at bar, was overcarbonization. The court calls attention to the fact that the evidence disclosed that the cause of the explosion might have been any one of several causes and that for some of these the defendant would not be responsible. Held, that the explosion of a bottle after it had left the control and possession of the defendant, without proof of any other circumstance to indicate negligence on the part of the defendant, was not sufficient to make a prima facie case. That holding is not in disagreement with the cases hereinbefore cited. By inference, at least, the holding implies that when the facts are as made by plaintiff's evidence in the case at bar, the maxim should be applied.

In their brief, the defendants state that an examination of a large number of cases discloses that the res ipsa loquitur doctrine has not been applied unless the evidence is such as "to exclude all causes of the accident, except those for which the defendant would be responsible". They cite the following cases in support of this proposition. *Ruffin* v. *Coca-Cola Bottling Co.,* 311 Mass 514, 42 NE2d 259; *Dunn* v. *Hoffman Beverage Co.,* 126 NJL 556, 20 A2d 352; *Noonan* v. *Great Atl. & Pac. Tea Co.,* 104 NJL 136, 139 A 9, 56 ALR 590.

In the Ruffin case, supra, the material facts were these. The plaintiff entered a store, placed a nickel on the counter, and took a bottle of Coca-Cola from a container, at that time telling the proprietor he was so doing. He started to open the bottle by use of the opener on the cabinet, but before the bottle touched the opener it exploded in his hand, injuring him. The owner of the store had

purchased this beverage from the defendant. This bottle had been chilled in the cooler which contained ice and many other bottles. The plaintiff testified that he did not remove the bottle from the container carefully, it made no difference to him whether it touched anything or not and he was unable to say whether in removing the bottle he hit it against another bottle or piece of tin. Under these circumstances the court held that it was just as reasonable to find that the cause of the explosion was some injury received by the bottle after it had left the physical possession and control of the defendant as it was to find that the bottle was defective or its contents overcharged at the time defendant delivered it at the store. The rule here applicable is stated by the court, not as defendants claim it to be, but in the following language. "No citation of authorities is needed to support the familiar principle that ordinarily the mere happening of an accident is not evidence of negligence. The burden of proof that the defendant was negligent was upon the plaintiff and the matter could not be left to surmise or conjecture. While the plaintiff was not bound to exclude every other possible cause for the injury, nevertheless, he was required to show by evidence a greater likelihood that it was occasioned by some act of negligence on the part of the defendant for which it is responsible, rather than by a cause for which it is not liable." Cases cited. 42 NE2d at 260. For the reasons stated, the court held that the doctrine of res ipsa loquitur did not apply to that case. Also the Dunn case, supra, for the same reasons reaches the same result.

In the Noonan case, supra, the plaintiff was injured by the exploding of a bottle of ginger ale in defendant's store while she was there to make certain purchases. The defendant did not manufacture or bottle this beverage but purchased it from a bottling company. The plaintiff relied on the mere fact of the explosion to make out her case. Held, that this was not enough to show negligence on the part of the defendant and that the res ipsa doctrine did not apply to that case.

In *Houston* v. *Curtis & Brush,* 66 Vt at 346, 29 A 380, this Court has laid down a general rule embracing cases to which the res ipsa doctrine applies. As there stated, this rule, hereinbefore fully set out, does not purport to include every case in which the plaintiff may be entitled to the benefits of the maxim. Applying this rule to the facts in this case, it is to be noted that it contains no provision which requires that the defendants must have had control

of the bottle at the time of the accident. Material to this question, the rule provides "that when the defendant owes a duty to the plaintiff to use a certain degree of care in respect to the thing causing the accident, to prevent the occurrence of such accident, and the thing is shown to be under the management of the defendant or his servants, . . ." The explosion of the bottle was not "the thing causing the accident", but was the accident itself and as a result of that accident the plaintiff was injured. Assuming the truth of plaintiff's testimony, "the thing causing the accident" was either defendants' use of a defective bottle or their filling the bottle in such manner that it contained excessive pressure. Whether one or the other is not material to the question before us because the defendants had exclusive management and control as to what bottles should be used by them and the pressure each should contain. What they did in respect to these matters determined whether the bottles filled and capped by them were safe and harmless or possessed the qualities of dangerous bombs. The plaintiff never had any management or control over these factors, either before or after delivery to her. It follows that the "management" mentioned in this rule and in similar expressions of the same rule, and as applied to the facts in the case at bar, is not necessarily control of the bottle by defendants at the time of the accident, but their control of it and its contents at the time of the negligent act which caused the accident. *Goldman, etc. Bottling Co.* v. *Sindell, supra,* 117 A at 871. In the case last cited, the court makes the following statement concerning the question we are now considering.

> "There is nothing, however, in the reason for the rule or the principles upon which it is founded to support the contention that its application is limited to cases where the injurious agency is in the control of the defendant at the time of the injury, but it is sufficient if it appears that such agency was in his control at the time of the negligent act which caused the injury."

140 Md at 502, 117 A at 871. This statement is quoted with approval in *Fisher* v. *Washington Coca-Cola Bottling Works, Inc., supra,* 105 ALR at 1037.

The claim that the res ipsa doctrine does not apply to the facts in this case but would apply if the bottle in question had exploded

and injured the plaintiff ten minutes sooner, when it was being brought into the store by defendants' servant and before delivery had been made, has neither reason or justice to commend it. Such interpretation of the rule would disregard the principle upon which the rule is founded, viz., superior knowledge of the cause of the accident possessed by the defendants, and would cause a failure of the rule to accomplish its purpose and also would lead to an absurd result.

From the foregoing it follows, and, therefore, we hold that the doctrine of res ipsa loquitur applies to the facts in this case and that the action of the court in refusing to grant the defendants' motion for a directed verdict was without error.

The defendants' second exception was taken to the charge of the court. All of the grounds stated for this exception are based on the claim that the res ipsa doctrine does not apply to this case. All these questions are disposed of by the fact that the jury were instructed that the maxim did apply to the case and by what has been hereinbefore stated. This exception is without merit.

The third exception relates to the admission of evidence. When Professor Franz, one of defendants' expert witnesses, was being cross-examined, he testified as follows.

"Q. You in your experience, Professor, have heard of bottles, Coca-Cola bottles, exploding, haven't you?"
"Mr. Kinney.   Object to the question."
"Court.   May be answered; exception."
"A.   I have heard it said they exploded."

Defendants contend that this ruling of the court violated the hearsay rule. Wigmore on Ev. 1904 Ed. Vol. I §§ 665, 667, Vol. II § 1361. The question was preliminary to the one which followed the answer and the latter question related to the cause for the explosion of the bottle with which the case at bar is concerned. That this bottle did explode is not questioned here. If this ruling of the court was error, a question which we do not decide, it was not reversible error, because it does not appear from the record that the defendants' rights were injuriously affected thereby. *Duchaine* v. *Ray,* 110 Vt 313, 321, 322, 6A2d 28. This exception avails the defendants nothing.

The defendants seasonably moved to set the verdict aside on various grounds. Most of these have been disposed of by what

184

has hereinbefore been stated. Those remaining for consideration as numbered by defendants, are: 6, the verdict is grossly excessive, 7, the verdict shows that the jury were influenced by passion and prejudice, and 12, the form given to the jury on which their verdict was returned named the defendants as "Coca-Cola Company of America". There was a hearing on this motion and the court made and filed written findings thereon. As to 6 and 7, the court found that the verdict of $2000.00 returned by the jury was not grossly excessive and that the jury were not influenced by sympathy, passion or prejudice, and then proceeded to state: "but in order to eliminate any possible miscarriage of justice in said cause, the court orders the verdict set aside as to damages only unless the plaintiff files a remittitur on or before August 12, 1946, reducing the said damages set forth in the verdict of the jury in this cause five hundred dollars, or from two thousand to fifteen hundred dollars". The defendants contend that such action was an abuse of discretion by the court or a failure to exercise any discretion. As to the amount of the verdict the jury could reasonably find from the evidence that at the time of the trial the plaintiff was 47 years of age, that as a result of the accident she had a permanent scar, about two inches long, on her face, which "picks and itches once in a while". It follows that we cannot say as a matter of law that in finding that the verdict of $2000.00 was not grossly excessive the court abused or failed to exercise its discretion. However, having made this finding, the court clearly abused its discretion in making the order that the plaintiff remit the sum of five hundred dollars. But, it does not follow that this error entitled the defendants to a reversal of the judgment. Under our practice, error works a reversal only when the record shows that the rights of the excepting party have been injuriously affected thereby. Supreme Court Rule No. 9. *Duchaine* v. *Ray,* 110 Vt 313, 322, 6A2d 28, and cases cited. This error did not injure the defendants but was a benefit to them. For this reason this exception avails the defendants nothing.

As to ground number 12, the court found that the jury knew and understood who the defendants were. This finding was excepted to on the ground that there was no foundation for it and that it was based on pure speculation. However, at the very beginning of the charge, the court specifically instructed the jury who the parties in this action are. This exception is not sustained.

All questions briefed have been disposed of and no error appears. *Judgment affirmed.*