## Vermont Electric Power Co. v. Roy H. Boynton et al

[147 A2d 884]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959

*Bloomer & Bloomer* for Roy H. Boynton.

*Fayette & Deschenes* for Dorothy R. Boynton.

*John D. Carbine* and *Edwin W. Lawrence* for the appellee

**Holden, J.** This cause was briefed and argued with *Vermont Electric Power Co.* v. *Anderson, ante.* With all but one exception, the assignment of error involves the same issues. The single exception, not common to both causes, concerns the provision of V. S. 47, §9295, as amended by No. 223 of 1953, which requires the Public Service Commission "shall state its rulings of law when the same are excepted to."

The record discloses that the defendants Boynton appeared specially before the Public Service Commission by the same counsel who had represented the defendants in *Vermont Electric Power Co.* v. *Anderson.* The defendants Boynton presented their motions to dismiss the proceedings on substantially the same grounds as similar motions presented in the Anderson case.

Before evidence was received, there was a discussion in which counsel for all parties and the Commission participated. The purpose of the discussion was to eliminate the necessity of formal restatement of the defendants' motion to dismiss and the Commission's ruling thereon. It was suggested that the motions and the rulings made in the Anderson case should be incorporated from the Anderson transcript into the Boynton record. At the conclusion of this discussion, the following statement by the Commission chairman was made in the record.

"In the case that is referred to from which the transcript will be made, the rulings and so forth—it is Public Service Commission Docket No. 2808, Vermont Electric Power Co. Inc. against John S. Anderson and Mary L. Anderson, the case that has just been terminated; and in which case the same, as I understand it, the same motions were made to dismiss by both of Petitionees in behalf of their respective clients— so that the transcript of the Commission's rulings and of its rulings of law and exceptions taken will be governed in this case and the rights of the Petitionees will be protected as has been stated."

There was no objection to this statement of the method which would be followed to incorporate the Commission's rulings into the Boynton record. The procedure outlined is in accord with suggestions made by counsel for the parties.

The transcript contains the defendants' motion to dismiss but does not incorporate the statement of the Commission's rulings in denying the motion. The final report of the Commission restates the substance of its rulings of law.

■ ■ In this situation, the absence of the statement of the Commission's rulings of law from the stenographic transcript does not amount to a failure to comply with the requirement of V. S. 47, §9295. Even if the omission can be regarded as an irregularity, the defendants have failed to show how they have been injuriously affected. See *Joly* v. *Coca Cola Bottling Co.*, 115 Vt 174, 183; 55 A2d 181; *Macauley* v. *Hyde*, 114 Vt 198, 203, 42 A2d 482; *Meyette* v. *Canadian Pacific Rwy.*, 110 Vt 345, 356, 6 A2d 33. There has been substantial compliance with the requirement of the statute and no error appears.

The other issues of this appeal are controlled by the decision in *Vermont Electric Power Co.* v. *Anderson.*

*Order of the Public Service Commission affirmed. Let the result be certified to the Public Service Commission.*