### Olga Marsigli v. C. W. Averill Co., Inc.

[185 A.2d 732]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Monti, Eldredge, Calhoun & Free* for the plaintiff.

*Edmunds, Austin & Wick* for the defendant.

**Barney, J.** During trial the plaintiff conceded that her case would fail unless the doctrine of *res ipsa loquitor* was applicable. The jury returned a verdict for the defendant and the plaintiff is here asserting error in the charge of the court. The defendant takes the position that the result reached by the jury ought not to be disturbed because its motion for a directed verdict ought to have been granted in any event. It says that *res ipsa loquitor* does not apply here.

At a time when plaintiff was shopping in a hardware store then operated by the defendant, she approached a counter where merchandise was on display and stood near it looking for a cake pan. As she stood there, two substantial breadboards fell on the instep of her left foot inflicting the injuries for which she seeks compensation. These boards appear to have been stored in some manner on open shelves below the level of the top of the counter. The top of the counter projected out beyond the lower portion so that these shelves were not visible from above. Other than to testify that she was not in contact with the counter, did not reach under the counter or disturb the underneath portion of the counter, the plaintiff offered no explanation of the episode. She made no attempt to establish, independently of the accident, that the breadboards were negligently piled or stored and that defendant knew or ought to have known that a dangerous situation was thereby created. The store premises and the merchandise therein were acknowledged to be operated by and under the control and supervision of the defendant.

■ The doctrine of *res ipsa loquitor* is a recognition that there is a certain class of events which, when established, raise an inference that injury caused thereby was the result of negligence. *McDonnell* v. *Montgomery Ward,* 121 Vt. 221, 226, 154 A.2d 469, 80 A.L.R. 2d 590. In such a case, proof of the event is sufficient for the plaintiff to avoid a directed verdict in favor of the defendant, unless the evidence introduced by the defendant so conclusively refutes the charge of negligence that, notwithstanding the doctrine, opposing inferences could not reasonably be drawn and only a question of law is presented. *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt. 414, 423, 139 Atl. 440, 56 A.L.R. 1011.

■ The test for the application of the doctrine of *res ipsa loquitor* has been set out in *McDonnell* v. *Montgomery Ward, supra,* 226-7; there it is stated that the evidence must show:

1. A legal duty owing from the defendant to exercise a certain degree of care in connection with a particular instrumentality to prevent the very occurrence that has happened.

2. The subject instrumentality at the time of the occurrence must have been under the defendant's control and management in such a way that there can be no serious question concerning the defendant's responsibility for the misadventure of the instrument.

3. The instrument for which the defendant was responsible must be the producing cause of the plaintiff's injury.

4. The event which brought on the plaintiff's harm is such that would not ordinarily occur except for the want of requisite care on the part of the defendant as the person responsible for the injuring agency.

■■ In this case the plaintiff comes to grief by failing to meet condition number two. Her evidence as to control and management of the offending breadboards, established by testimony of an officer of the defendant, that the defendant company operated the store in question; that the counters were within the control and oversight of the company; and that the merchandise being sold there belonged to the company. This was all undoubtedly true. But the control involved must be more than constructive; it must be of a nature and quality that precludes responsibility for mischief from the breadboards being

in anyone other than the defendant. *Joly* v. *Coca-Cola Bottling Co.,* 115 Vt. 174, 55 A.2d 181. The evidence showed the merchandise in defendant's store to be accessible to customers, and that the plaintiff herself had, on occasions when she had been in the store, picked up merchandise from counters to examine it. To say that the *res ipsa loquitor* doctrine could be applied to such a state of facts would make a displayer of merchandise for sale an insurer against accidents caused by their movement regardless of cause. *Cohen* v. *Penn Fruit Co.,* 192 Pa. Super. 244, 159 A.2d 558, 560.

Since the doctrine of *res ipsa loquitor* cannot properly be applied here, the defendant's motion for a directed verdict should have been granted. The verdict in favor of the defendant returned by the jury accomplishes the same result and will be allowed to stand, the plaintiff taking nothing by her exceptions. *Krulee* v. *F. C. Huyck & Sons,* 121 Vt. 299, 304, 156 A.2d 74.

*Judgment Affirmed.*