**Joseph C. Palmisano, Trustee of Richard H. and Monique B. Bousquet v. Rudolph M. Townsend and Richard M. Wheeler**
**and**
**Cecile G. Olson v. Rudolph M. Townsend and Richard M. Wheeler**

[392 A.2d 393]

Nos. 152-76 & 153-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*Richard E. Davis* of *Richard E. Davis Associates, Inc.,* Barre, for Palmisano.

*Bernasconi and Koch,* Barre, for Olson.

*John K. Dunleavy* of *Burgess and Normand, Ltd.,* Montpelier, for Townsend.

**Hill, J.** These two appeals from the Washington Superior Court involve two civil actions that were tried together below. In both actions the plaintiffs, who purchased adjoining properties through Rudolph Townsend, a real estate broker and registered land surveyor, alleged that Townsend and Richard Wheeler, a licensed professional engineer, were negligent in assembling the data needed to support a subdivision permit application and in designing a septic disposal system. After trial, judgments were entered in accordance with the jury's verdicts, which awarded damages against both defendants in each case. Only defendant Townsend appeals.

Appellant's first claim of error on appeal involves the trial court's charge to the jury. Appellant asserts that the court erred in failing to tender an adequate instruction as to

comparative negligence. He argues this despite his failure to raise the issue in his pleadings (V.R.C.P. 8(c)), in his requests to charge, or in his objections to the court's charge (V.R.C.P. 51(b)). Co-defendant Wheeler did raise the issue of comparative negligence in his pleadings but did not object to the court's charge on the matter. Comparative negligence is an affirmative defense which must be pleaded under V.R.C.P. 8(c). See Reporter's Notes, V.R.C.P. 8(c). Since appellant did not plead in either action that plaintiff's negligence contributed to the injury, the defense was not available to him on trial and could not, therefore, be available to him on appeal, absent a trial of the issue by the express or implied consent of the parties under V.R.C.P. 15(b). *Frigon* v. *Whipple,* 134 Vt. 376, 378, 360 A.2d 69, 70 (1976). Although the issue was necessarily infused into the trial by co-defendant Wheeler's averments of negligence on the part of the plaintiffs, we cannot hold on the record before us that the plaintiffs impliedly consented to try this issue *vis-à-vis* the appellant.

■ Furthermore, even assuming the plaintiffs consented, in some fashion, to try the issue, appellant failed to inform the court that he was dissatisfied with the court's charge, as is required by V.R.C.P. 51(b). *Paton* v. *Sawyer,* 134 Vt. 598, 602–03, 370 A.2d 215, 218 (1976). Appellant attempts to circumvent the requirements of Rule 51 by arguing that under the circumstances of the case "such an objection would have been a mere tautological exercise devoid of purpose" since "[t]he objection had already been made by plaintiff Palmisano's counsel, thus fulfilling the purpose of the rule that the trial judge should be [made] aware of the errors or omission in his instructions while time remains to deliver a corrective supplement." Appellant asks us, at least impliedly, to hold that an opposing party's objection to the court's charge may serve to prevent a waiver by other parties to the litigation who fail to make the objection required by Rule 51(b). We need not decide this issue because we do not agree with appellant's underlying assumption that the plaintiff had already made an objection fulfilling the dictates of V.R.C.P. 51(b). The objection to the trial court's charge must, of course, relate to the claim of error on appeal. Plaintiff's brief and obscure reference to the comparative negligence statute

in no way fulfills the requirement of Rule 51(b) that the party "[state] distinctly the matter to which he objects and the grounds of his objection." Since appellant's claim of error on appeal was not presented by way of specific challenge to the lower court, the issue has not been preserved for review. *Paton* v. *Sawyer, supra.*

■ Appellant's second assignment of error, relating to the sufficiency of the evidence to support the verdict, also must fail because it was not properly preserved below. At the conclusion of each plaintiff's case, appellant moved the court to direct a verdict. The court denied the motions, and appellant proceeded to put on his case. At the close of all the evidence, appellant failed to renew his motions. When a motion for directed verdict made at the close of an opponent's case is denied, the question is waived unless the motion is renewed at the close of all the evidence. Reporter's Notes, V.R. C.P. 50(a). Absent a renewal of the motion at the close of all the evidence, the issue of the sufficiency of the evidence to support the verdict remains unpresented to the trial court for consideration. Never having been presented for determination, this issue is not preserved for appellate review. *Merrill* v. *Reville,* 135 Vt. 517, 380 A.2d 96 (1977); *Houghton* v. *Leinwohl,* 135 Vt. 380, 376 A.2d 733 (1977); see *State* v. *Bressette,* 136 Vt. 315, 388 A.2d 395 (1978).

*In Docket No. 152-76, the judgment is affirmed.*

*In Docket No. 153-76, the judgment is affirmed.*