# Richard Collette and Joyce Collette v. Edgar Bousley and Camille Bousley

[449 A.2d 936]

No. 82-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed June 16, 1982

*George P. Stokes,* Milton, for Plaintiffs.

*Mickenberg, Dunn and Dickson,* Burlington, for Defendants.

**Hill, J.** The Collettes, plaintiff-appellees, are the owners of an apartment house in Burlington containing eight rental units. The rental units are subject to the city's housing standards ordinance, Burlington, Vt., Rev. Ordinances ch. 18 (1962). The Burlington building inspector inspected all eight units on December 10, 17 and 19, 1975, and January 22 and 27, 1976. On February 1, 1976, the plaintiffs rented an apartment in this building to the defendant Camille Bousley. A written lease was executed. On March 8, 1976, before the defendant and her family took possession, the building inspector formally notified the plaintiffs of six violations of the housing standards ordinance in this apartment. On April 8,

1976, a reinspection disclosed that only three of the violations had been corrected.

In January of 1978, the plaintiffs brought an action for possession and damages. The defendants counterclaimed for damages, alleging substantial violations of the local housing code resulting in a breach of the warranty of habitability. A jury trial resulted in a verdict for the plaintiffs on their complaint and for the defendants on their counterclaim. The plaintiffs have not appealed. The defendants are appealing only the judgment against them on the plaintiffs' complaint.

The defendants' appeal raises only one issue: whether the refusal of the trial court to instruct the jury as requested by the defendants is reversible error. They challenge the refusal to charge that if there existed violations of the housing standards ordinance at the time the defendants took possession of the apartment then the lease was an illegal contract, voiding any claim for back rent. Because we find that this claim of error was not properly reserved for appellate review, we affirm.

■ V.R.C.P. 51(b) governs the procedures for objecting to jury instructions. The rule explicitly limits the procedures for making objections: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." This rule imposes a burden on the party who wants to challenge the validity of a trial judge's instructions on appeal. A failure to object to instructions precludes appellate review of those instructions. See, e.g., *Palmisano* v. *Townsend*, 136 Vt. 372, 374–75, 392 A.2d 393, 395 (1978); *Girroir* v. *Carpenter*, 136 Vt. 290, 292, 388 A.2d 831, 833 (1978).

In this case, the defendants submitted their proposed instructions to the trial judge. The judge did not explicitly rule on the request, but gave a different instruction to the jury. Nowhere in the record does a formal objection appear. In a letter to the trial judge written after trial, the defendants' attorney admitted that he had not placed his objections to the instructions on the record. The defendants have not claimed

any prejudice from the trial court's failure to explicitly rule on the request for instructions.

The facts of this case are squarely within the holding of *McCrea* v. *State*, 138 Vt. 517, 419 A.2d 318 (1980). In *McCrea*, we held that the plaintiff had waived her right to appellate review of the instructions under V.R.C.P. 51(b). Although the plaintiff in *McCrea* had filed requested instructions which the trial court did not rule upon, we rejected the argument that filing proposed instructions was a sufficient objection under V.R.C.P. 51(b). *Id.* at 520, 419 A.2d at 319. In addition, we held that although the trial court erred by not explicitly ruling on the proposed charge, this failure would result in reversal only if it "prejudiced [the party's] ability to object to the denial of [its] request to charge." Compare *id.* with *Fraser* v. *Choiniere*, 133 Vt. 631, 634, 350 A.2d 755, 757 (1975).

Thus, under V.R.C.P. 51(b) and *McCrea* v. *State, supra,* the defendants have waived their right to appellate review of the jury instructions. As this was the sole issue raised on appeal, the judgment below must be affirmed.

*Affirmed.*