# Gwendolyn Cyr v. Green Mountain Power Corp.

[485 A.2d 1265]

No. 83-191

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed November 30, 1984

*Otterman and Allen, P.C.*, Bradford, for Plaintiff-Appellant.

*Michael G. Furlong* of *Sheehey, Brue & Gray*, Burlington, for Defendant-Appellee.

**Gibson, J.** Plaintiff Gwendolyn Cyr appeals from a judgment in favor of defendant Green Mountain Power Corporation on her suit for damages for the electrocution of several of her cows. We affirm.

Several of plaintiff's dairy cows were electrocuted while housed in her barn. Although the barn wiring was in some locations several years old and copper pennies had been inserted to replace fuses, an examination by plaintiff's experts failed to

discover any voltage leaking therefrom. Defendant conceded that the cows had been electrocuted, but its inspection of its lines up to the point of connection with the barn wiring also revealed no defects. Both parties litigated the case on the theory that a single source of leakage, somewhere, had caused the deaths. Plaintiff, by relying on the principles of res ipsa loquitur, sought to establish liability through an inference of negligence on defendant's part.

■ On appeal, plaintiff, for the first time, contends that the court should have instructed the jury on comparative negligence. Although there was a passing reference during a bench conference to the possibility of the jury finding negligence by both parties, neither party requested a comparative negligence instruction or objected to the failure of the court to give such a charge. V.R.C.P. 51(b) explicitly provides that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Since the theory of the case and the evidence both tended to the view that the sole cause of the electrocutions lay either in plaintiff's wiring or in defendant's system, the court was justified in not injecting, sua sponte, comparative negligence into the case; having failed to object below, plaintiff is precluded from raising the issue on appeal. *Ordinetz* v. *Springfield Family Center, Inc.*, 142 Vt. 466, 471, 457 A.2d 282, 285 (1983); *Collette* v. *Bousley*, 141 Vt. 373, 374, 449 A.2d 936, 936–37 (1982); *Palmisano* v. *Townsend*, 136 Vt. 372, 374, 392 A.2d 393, 395 (1978).

■ Plaintiff also objects in her brief to some of the language of the court's instructions. During its lengthy explanation, the court at one point stated that res ipsa loquitur permits "the jury the inference that a particular injury under investigation has occurred." As plaintiff correctly observes, it is not injury, but negligence, that the jury may infer. The plaintiff also complains about the court's repetition, in its instructions on res ipsa loquitur, of the vague words "instrument," "instrumentality," and "injuring agency," instead of adapting those general terms to the particular facts of the case before it and referring to electricity and power lines. These objections were not raised below and are therefore not preserved on ap-

peal. *Collette, supra,* 141 Vt. at 374, 449 A.2d at 937; V.R.C.P. 51(b). Furthermore, reversal is not warranted because, taken in their entirety, *Paton* v. *Sawyer,* 134 Vt. 598, 600, 370 A.2d 215, 216 (1976), the instructions, as discussed below, were satisfactory.

The only issue properly raised below and preserved on appeal is plaintiff's objection to the court's application of res ipsa loquitur in its instructions to the jury. Plaintiff contends that the court erroneously placed the burden on her to show an absence of negligence on her part, by delivering instructions that stated:

> If you should find as we have said that the proximate cause of the injury in the case is the electricity, if you find that it resulted from a defect in the lines and equipment of the defendant and not in the lines and equipment of the plaintiff, then you may bring back a verdict in favor of the plaintiff.

Plaintiff had requested the following jury instruction:

> Unless you find contributory negligence on the part of the Plaintiff, the doctrine of res ipsa loquitur applies and the Plaintiff may establish the defendant's liability merely by proving that electrical current escaped from Defendant's system and that Plaintiff's property was injured thereby.

■■ Plaintiff cited *Salwiecz* v. *Rutland Railway, Light & Power Co.,* 101 Vt. 178, 180, 142 A. 77, 78 (1928), and *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt. 414, 417, 139 A. 440, 442 (1927), in support of her request. In these pre-comparative negligence cases, any contributory negligence on the part of plaintiff would have barred recovery. Since enactment of Vermont's comparative negligence statute, 12 V.S.A. § 1036, contributory negligence no longer bars recovery in a case brought under a res ipsa loquitur theory. If a plaintiff presents evidence which satisfies the elements of res ipsa loquitur, even in the face of conflicting evidence, the jury must be given the opportunity to infer negligence on the part of defendant. If the jury finds defendant negligent, then it must compare that negligence with any negligence it finds was committed by plaintiff. See *Turk* v. *H. C. Prange Co.,* 18 Wis. 2d 547, 557–59, 119 N.W.2d 365, 371–72 (1963) (plaintiff no longer need be

free from contributory negligence in order to rely on res ipsa loquitur; plaintiff's contributory negligence, if any, to be compared with defendant's negligence) ; *Cramer* v. *Mengerhausen,* 275 Or. 223, 228–30, 550 P.2d 740, 743–44 (1976) ; *Montgomery Elevator Co.* v. *Gordon,* 619 P.2d 66, 70 (Colo. 1980) (contributory negligence no longer a bar to res ipsa loquitur).

The court declined to deliver the charge requested by plaintiff, and plaintiff objected, contending that under Vermont law an escape of current combined with an injury created an inference of negligence "so long as there is no contributory damage." She further claimed the court should have instructed that defendant had the burden of proving contributory negligence to prevent the operation of res ipsa loquitur.

 Res ipsa loquitur (literally, "the thing speaks for itself") is not a magic doctrine that shifts the burden to the defendant. It simply refers to a form of circumstantial evidence. Prosser and Keeton on the Law of Torts § 40, at 257 (W. Keeton 5th ed. 1984). Thus, res ipsa loquitur allows the plaintiff to escape a directed verdict without directly establishing negligence, and it allows the jury a permissive inference of negligence. *Id.* at 258; see V.R.E. 301, Reporter's Notes at 323–24 (res ipsa loquitur "is generally considered to be sufficient to take the plaintiff to the jury but to create only an inference of negligence.").

 The trial court in the present case set forth the four elements of res ipsa loquitur that are required to justify an inference of negligence, accurately reciting the legal test set out in *Marsigli* v. *C. W. Averill Co.,* 123 Vt. 234, 236, 185 A.2d 732, 733 (1962) (citing *McDonnell* v. *Montgomery Ward & Co.,* 121 Vt. 221, 226–27, 154 A.2d 469, 473 (1959)) :

1. A legal duty owing from the defendant to exercise a certain degree of care in connection with a particular instrumentality to prevent the very occurrence that has happened.

2. The subject instrumentality at the time of the occurrence must have been under the defendant's control and management in such a way that there can be no serious question concerning the defendant's responsibility for the misadventure of the instrument.

3. The instrument for which the defendant was responsible must be the producing cause of the plaintiff's injury.

4. The event which brought on the plaintiff's harm is such that would not ordinarily occur except for the want of requisite care on the part of the defendant as the person responsible for the injuring agency.

The parties have focused their arguments on the element of "control," which requires that the injury be traced to a specific instrument for which defendant was responsible, or that defendant be shown to have been responsible for all reasonably probable causes. Prosser and Keeton, *supra*, § 39, at 248–51. This Court has in the past applied the "control" standard rigorously. See *Marsigli, supra*, 123 Vt. at 236–37, 185 A.2d at 733–34 (pre-comparative negligence case: where evidence of control did not preclude responsibility of everyone but defendant, court should have directed verdict for defendant) ; *McDonnell, supra*, 121 Vt. at 227–28, 154 A.2d at 474 (pre-comparative negligence explosion case: where flow of gas in stove, made and sold by defendant and having defective thermostat, was in part subject to plaintiff's manual control of a dial regulator, res ipsa loquitur did not apply). But see Prosser and Keeton, *supra*, § 39, at 250–51 ("It would be far better . . . if the rigid 'control' test were discarded altogether, and we were to require instead that the apparent negligent cause of the accident be such that the defendant would more likely than not be responsible for it.").

Clearly, plaintiff could not contend that her own electric lines and equipment were in defendant's exclusive control. With the location of the defect in dispute, defendant shouldered no burden to prove contributory negligence, as plaintiff argues. Rather, assuming all other elements of res ipsa loquitur had also been proved, the burden lay on plaintiff to establish defendant's control by presenting evidence tending to show that the defect could only lie in defendant's system. Prima facie satisfaction of all the elements of res ipsa loquitur requires only evidence reasonably supporting the elements, and not conclusive proof of control precluding responsibility of everyone but the defendant. See Prosser and Keeton, *supra*, § 39, at 250–51. In view of this "sound and growing view," *id.* at n.98, and in light of our comparative negligence statute, we

conclude that plaintiff presented sufficient evidence to warrant submitting the case to the jury. The court's instructions, although not as artful as they might have been, were nevertheless in accord with the principles enunciated herein. There was no error in the court's rejection of the instruction requested by plaintiff.

Finally, plaintiff contends that, when the court instructed the jury that res ipsa loquitur would not apply if the electrocution had occurred through an instrumentality not within defendant's exclusive control, the court was actually directing the jury not to apply res ipsa loquitur if the electrocution occurred on plaintiff's side of the meter. We disagree. As the excerpted instructions indicate, the court properly focused upon the location of the defect, not the location of the injuries. Plaintiff faced great difficulty in satisfying the requisite elements of res ipsa loquitur, because the cows died at a location beyond a point where the flow of electricity was wholly under defendant's control. However, the jury was permitted to infer negligence if it in fact found that defendant controlled the lines where the defect was located. The instruction was a proper one.

*Affirmed.*