**Joel A. Gentles, Sr. and Shirley F. Gentles v. Ronald Lanctot**

[491 A.2d 336]

No. 83-076

Present: Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 8, 1985

*Gilbert T. Normand,* Montpelier, for Plaintiff-Appellee.

*Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant-Appellant.

**Gibson, J.** Defendant appeals a judgment, after trial by court, awarding $7404 plus costs to plaintiffs for negligent welding that caused destruction of plaintiffs' car and its contents. The trial court's findings, not challenged by defendant, establish that defendant agreed to weld a trailer hitch to the rear of

plaintiffs' car and that, while defendant was performing the welding operation, plaintiffs' car caught fire and was destroyed. From the outset, defendant conceded his duty to plaintiffs to exercise reasonable care in welding. The court concluded that the car would not have been destroyed but for defendant's welding, and it held the destruction to be a breach of defendant's duty to plaintiffs.

Defendant contends there was no direct evidence as to the cause of the fire or of any negligent act by him. The uncontroverted evidence discloses that defendant was exercising exclusive control over the welding equipment, which was in operation at the time and place of origin of the fire that destroyed plaintiffs' car. After the fire, defendant told plaintiff Joel Gentles, "Well, I burned your car." Although defendant acknowledged that his actions caused the fire, his statement is not necessarily an admission of negligence. So interpreted, there is no direct evidence of negligence on the part of the defendant.

Alternatively, plaintiffs requested the court to infer negligence by defendant on the basis of res ipsa loquitur. For over a quarter century in Vermont, circumstantial proof of negligence under res ipsa loquitur has required proof of four elements:

1. A legal duty owing from the defendant to exercise a certain degree of care in connection with a particular instrumentality to prevent the very occurrence that has happened.

2. The subject instrumentality at the time of the occurrence must have been under the defendant's control and management in such a way that there can be no serious question concerning the defendant's responsibility for the misadventure of the instrument.

3. The instrument for which the defendant was responsible must be the producing cause of the plaintiff's injury.

4. The event which brought on the plaintiff's harm is such that would not ordinarily occur except for the want of requisite care on the part of the defendant as the person responsible for the injuring agency.

*Cyr* v. *Green Mountain Power Corp.,* 145 Vt. 231, 235–36,

485 A.2d 1265, 1268 (1984); *McDonnell* v. *Montgomery Ward & Co.*, 121 Vt. 221, 226–27, 154 A.2d 469, 473 (1959).

Defendant's conceded duty to exercise reasonable care in the welding, the uncontroverted evidence of defendant's control, and the evidence that the welding equipment was being operated at the time and place of origin of the fire, together with defendant's admission regarding causation, as recited above, established the first three of these elements. In order for the fourth element to be applicable, the possibility that the injury was caused by something other than defendant's negligence need not be completely eliminated; the evidence need only permit a reasonable factfinder to conclude that the event probably would not have occurred if defendant had used requisite care. Cf. W. Prosser & W. Keeton, The Law of Torts § 39, at 248 (5th ed., Lawyer's ed., 1984) (footnotes omitted) ("The injury must either be traced to a specific instrumentality or cause for which the defendant was responsible, or it must be shown that the [defendant] was responsible for all reasonably probable causes . . . ."). As was stated in *Cyr, supra,* 145 Vt. at 236, 485 A.2d at 1269 (citing Prosser & Keeton, *supra,* at 250–51), regarding the issue of control, prima facie satisfaction of an element of res ipsa loquitur requires only reasonably supportive evidence. It was within the province of the trier of fact—here the trial court—to find that the fourth element was satisfied. The inference of negligence on the part of the defendant was justified.

*Affirmed.*