32 F.3d 561
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Charlotte BEST, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1862
 United States Court of Appeals,
First Circuit.
 August 1, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Samuel P. King,*, Senior U.S. District Judge], Of the District of Hawaii, sitting by designation.
 Edward T. Troy, was on brief for appellant.
 Mary Elizabeth Carmody, Assistant U.S. Attorney, Senior Litigation Counsel, with with Donald K. Stern, United States Attorney, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 This is an appeal from a judgment entered in favor of defendant-appellee, United States, after a non-jury trial in an action for alleged negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. Secs. 1346(6), 2671, et seq. At the conclusion of plaintiff's, Charlotte Best's, evidence the court granted judgment as a matter of law for the United States.
 
 
 2
 Plaintiff-appellant Best raises four issues on appeal: (1) the district court failed to comply with the provisions of Fed. R. Civ. P. 52 by not stating its findings of fact and conclusions of law with sufficient specificity to allow for effective appellate review, (2) the district court committed error in ruling that plaintiff failed to sustain her burden of proof on the issue of negligence, (3) the district court erred in holding that the doctrine of res ipsa loquitur did not apply to the facts of this case, and (4) the district court abused its discretion in its control of the examination of witnesses and in excluding the testimony of plaintiff's expert. We affirm the judgment of the district court.
 
 
 3
 Best rented skis from the recreational supply center at Hanscom Air Force Base in Massachusetts. Thereafter, on March 2, 1988, she injured herself while skiing on Mount Snow, Vermont. At a pre-trial conference, the parties narrowed the controversy to the issue of whether United States' employees were negligent when they adjusted Best's ski bindings, which in turn allegedly caused the bindings to fail to release, thereby causing Best's injuries.
 
 
 4
 It is undisputed that Charlotte Best's son, Guy Best, returned the skis to the United States in March of 1988, and that United States' employees immediately put the skis back into its inventory. At that time, Best's son did not make any complaint to any person that any defect or negligence in adjustment of the skis was the cause of Best's accident. The United States was thus not alerted to the need to inspect, or preserve, the allegedly defective equipment or to determine whether any failure to properly adjust the skis was the cause of plaintiff's accident. On May 2, 1989, more than a year after the accident occurred, Best filed her administrative claim pursuant to the FTCA, 28 U.S.C. Sec. 2675. And by that time the United States was unable to identify the allegedly defective skis to determine the validity of Best's claim.
 
 
 5
 The testimony at trial was equally unhelpful in filling this gap, as Best could not remember the serial number or even recall who manufactured the equipment she rented. Furthermore, even though she observed defendant's employee adjusting the ski bindings, she was unable to testify as to the setting used. Moreover, Best's expert, Mr. Adam, testified that in order for him to give an opinion as to the cause of Best's accident, whether the bindings were properly set or whether they should have released, he would have had to examine the actual ski equipment used. The district court thus disallowed the expert's testimony.
 
 
 6
 At the end of Best's case, the court ruled as follows in granting the United States' motion for judgment as a matter of law:
 
 
 7
 I'm going to grant the motion for judgment as a matter of law. And I will do so for the following reasons:
 
 
 8
 First of all, I think Vermont law applies, to tell you the truth, because it would be almost impossible to poor old Vermont; it would depend on where the person came from as to what happened. This happens to be a federal case but it could be a state case. And [if] Vermont law didn't apply to Vermont ski lodges, they would be in a terrible spot.
 
 
 9
 I also don't believe it makes much of a difference whether it's Massachusetts or Vermont law at this stage.
 
 
 10
 The reason I'm granting the motion is because there is insufficient evidence to justify a finding that proof by a preponderance of the credible evidence that there is any connection between what Mr. Adams [plaintiff's expert] says should be done when-by the renters of the skis when they rent them and what took place.
 
 
 11
 The only possible thing that could be pointed to as a possible error would be the tension on the back blade against the heel and there is no evidence that that wasn't appropriate or that that had anything to do with causing the injury.
 
 
 12
 The only testimony we have regarding the setting according to the chart was it was three and a half. The boots were comfortable. They fit. Mrs. Best cleaned off the bottoms, didn't notice there was anything wrong with them. Nobody complained to the people when they sent them back that there was anything wrong with them. So she could look at them.
 
 
 13
 This idea that the government has to keep track of ski equipment by serial number and hang onto it for an indefinite period of time in case somebody comes in and says "I was damaged by that particular set of skis" is just not in the duties required under these circumstances.
 
 
 14
 If there had been a complaint about those particular skis and they had not kept it, that would be another matter. But it holds them to a higher level of care for having destroyed it and that does happen sometimes.
 
 
 15
 So in my opinion there is insufficient evidence of liability. And I grant the motion for judgment as a matter of law.
 
 
 16
 (Emphasis supplied).
 
 
 17
 Best's brief is less than helpful in its allegations regarding the district court's findings and conclusions pursuant to Fed. R. Civ. P. 52(a). As best we can glean, appellant claims that the district court violated Rule 52(a),and deprived her of a meaningful appeal, because it disregarded plaintiff's expert's opinion without explanation, and because it allegedly ignored the testimony of Gary Best, plaintiff's son, regarding the return of the skis to the defendant-appellee. These allegations, however, are not sufficient to sustain the challenge.[1]
 
 
 18
 In its findings pursuant to Fed. R. Civ. P. 52, the court did not explicitly state why it disregarded the testimony of Best's expert, Mr. Adams. The court, however, had previously given an explanation, when it excluded Mr. Adam's testimony during the trial as an evidentiary matter. That ruling is not appealed from, and in any event, it appears to be eminently correct. There is no need or requirement that the trial judge repeat his evidentiary ruling later in the proceedings when ruling under Rule 52.
 
 
 19
 As to Guy Best's testimony, Best basically disagrees with the trial court's ultimate conclusion not to credit his testimony, a position which must be considered pursuant to the requirements of the very rule which is relied upon, i.e., on a clearly erroneous standard. Dedham Water v. Cumberland Farms Dairy, 972 F.2d 453, 457 (1st Cir. 1992). Our independent screening of the district court's ruling, reproduced ante at 4-5, leads us to conclude that the court's findings are not clearly erroneous.
 
 
 20
 This was a simple negligence case, the key to which was proof that the skis used by Best were defective because of some action or inaction by the United States' employees. There was no such proof and no defect was shown, because no evidence was available regarding the condition of the skis when they were returned. A brief review of the district court's ruling reveals the following essential findings of fact: (1) The ski boots when received by Best were in proper condition, (2) when returned no one complained that there was anything wrong with them, and (3) the testimony of Best's expert could not connect any improper action by defendant's employees to the accident. The court then concluded that this evidence as a matter of law did not establish liability on behalf of defendant.
 
 
 21
 The court's findings and conclusions sufficiently comply with Rule 52(a) and did not deprive appellant of the opportunity to intelligently frame her appeal. Thermo Electron Corp. v. Schiavone Construction Co., 958 F.2d 1158, 1160-61 (1st Cir. 1992). "[W]hat is adequate depends on the importance of an issue, its complexity, the depth and nature of the evidence presented, and similar elements that vary from case to case." Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1238 (1st Cir. 1994).
 
 
 22
 Best's allegation regarding the applicability of the doctrine of res ipsa loquitur is equally misplaced. This doctrine is inapplicable where the instrumentality causing the accident is without the control of the defendant upon the occurrence of the accident. See Coyne v. John S. Tilley Co., 2 Mass. App. Ct. 641, 644, 318 N.E.2d 623, 626 (1974); Cyr v. Green Mountain Power Corp., 145 Vt. 231, 235-36, 485 A.2d 1265 (1984).
 
 
 23
 Lastly, Best complains of an alleged abuse of discretion by the trial judge regarding curtailment of the questioning of witnesses and exclusion of the testimony of plaintiff's expert. We find no such error to have been committed. Elgabri v. Lekas, 964 F.2d 1255, 1260 (1st Cir. 1992).
 
 
 24
 Affirmed.
 
 
 
 [1]
 In its pertinent part Fed. R. Civ. P. 52 reads as follows:
 (a) Effect. In all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.... Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence. (c) Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.... Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.