## Alling Construction Company, Inc. v. Joseph R. Bissette

[318 A.2d 666]

No. 169-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Pierson, Affolter & Amidon*, Burlington, for Plaintiff.

*Latham, Eastman, Schweyer & Telzlaff*, Burlington, for Defendant.

**Smith, J.** This is a civil action brought by a building contractor to recover the value of material and labor expended to construct a shopping center building for the defendant. The pleading set forth the plaintiff's claim against the defendant in (1) contract and (2) *quantum meruit*. Upon proof that the defendant had not executed the contract in question, the plaintiff proceeded on the *quantum meruit* theory, without objection. The construction claimed to have been performed by the plaintiff took place from June through December, 1971. Trial was in the Chittenden County Court in June, 1973, and the jury brought in a verdict for the plaintiff in the amount of $73,000.00 against the defendant.

The appeal by the defendant to this Court brings forward only one issue. This is the admission of the testimony of one Howard Wagner, called as an expert witness by the plaintiff, to testify as to whether the work on the roof of the building conformed with the specifications.

Counsel for the plaintiff inquired of the witness:

> On the basis of the description which Mr. Alling has given you and the photographs showing the work up to December—work on the roof up to December 30, 1971, do you have any opinion as to whether the work on that roof conformed with the specifications?

The objection to such question by the defendant was:

> We would object to this. There's no indication Mr. Wagner had occasion to see that roof back in 1971.

The defendant does not object, as he states in his brief, to

the qualifications of Mr. Wagner as an expert on the subject upon which he gave his testimony. What is objected to is the basis upon which his testimony was given.

The qualifications for testifying as an expert witness are set forth in 12 V.S.A. § 1643:

> An expert witness may be asked to state his opinion based on the witness' personal observation, or on evidence introduced at the trial and seen or heard by the witness, or on his technical knowledge of the subject, without first specifying hypothetically in the question the data on which this opinion is based. On direct or cross-examination, such expert witness may be required to specify the data on which his opinion is based.

The question of competency of an expert witness is a preliminary one for the trial court to determine in its sound discretion, and the court's action is not revisable on appeal unless it appears from the evidence to be erroneous or founded upon an error of law. *Cross* v. *Estate of Patch*, 123 Vt. 11, 16, 178 A.2d 393 (1961) ; *Farr* v. *State Highway Board*, 122 Vt. 156, 160, 166 A.2d 107 (1960) ; *Leblanc* v. *Deslandes*, 117 Vt. 248, 254, 90 A.2d 802 (1952).

The only objection made by the defendant to the testimony of the witness was that he had not seen the roof about which he was to give an opinion in the year of 1971. But that statute quoted above, 12 V.S.A. § 1643, does state that an expert witness may give his opinion on his personal observations alone or he may also do so on evidence seen or heard at the trial. Wagner had been at the trial and heard the testimony of Alling. Chief Justice Holden, in *Bean* v. *Sears, Roebuck and Co.*, 129 Vt. 278, 281, 276 A.2d 613 (1971), interpreted the statute in the following language:

> It provides that an expert witness may be asked to state his opinion based on his personal observation or on evidence seen or heard at the trial without first specifying the data upon which his opinion is based. Supplying the specific data may be left to later direct or cross-examination. The form of the question and the sufficiency of the witness' information are left to the discretion of the trial judge. *Tinney* v. *Crosby*, 112 Vt. 95, 99, 22 A.2d 145 (1941). If the opinion is to stand, it shall be based

on facts developed in the evidence. A shortage in the basic facts is properly challenged by a subsequent motion to strike. *Bliss* v. *Moore & Stoughton,* 112 Vt. 185, 190, 22 A.2d 315 (1941).

Here, it appears that the specific data upon which the expert witness based his opinion was specified. The trial court properly exercised its discretion in passing upon the form of the question and the sufficiency of the information upon which the opinion of the expert witness would be based. If, upon cross-examination, the defendant had been able to show a shortage in the basic facts upon which the opinion of the expert witness was based, his remedy was to challenge such facts, and the consequent opinion, by a motion to strike. The record does not disclose that such motion was made.

*Judgment affirmed.*