## Lewis W. Christie and Margaret P. Christie v. Dalmig, Inc. d/b/a Barre Home Supply

[396 A.2d 1385]

No. 111-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 11, 1979

*James D. McKnight* of the Office of *Joseph P. McEntyre,* Plainfield, for Plaintiffs.

*Abare, Donaghy & Nicholls, P.C.,* Barre, for Defendant.

**Hill, J.** This appeal involves the sale of new consumer goods by the defendant-appellant to the plaintiffs, Lewis and Margaret Christie. The plaintiffs sued alleging breach of warranty and consumer fraud. The trial court found for them on both claims. We affirm the finding of a warranty violation but reverse as to consumer fraud.

The plaintiffs purchased a two-piece fiberglass tub and shower unit from the defendant on September 12, 1975. The unit was packaged in two cardboard boxes that were placed in the plaintiffs' pickup truck by one of the defendant's employees. Although given an opportunity to do so, the plaintiffs did not inspect the goods at the seller's place of business. In transporting them to their home, the plaintiffs were required to travel over approximately three miles of dirt road. After carrying the boxes into the house and opening them, they discovered that the tub was cracked and damaged beyond use. That evening they telephoned the defendant and reported the damage. They were told to return the tub, which they did. Their repeated demands for a replacement were ignored. The plaintiffs then returned the shower unit and demanded a re-

fund. This too was ignored. They retained counsel who repeated their demand for a refund. When the defendant did not respond, the plaintiffs filed suit alleging breach of an implied warranty of merchantability under Article 2 of Vermont's Uniform Commercial Code, 9A V.S.A. §§ 2—101 to 2—725, and a violation of the Consumer Fraud Act, 9 V.S.A. §§ 2451-2462.

The trial court found that the defendant had breached an implied warranty of merchantability because the goods were damaged at the time the buyers took delivery. The defendant had contended that the plaintiffs damaged the goods after delivery, but he does not now dispute the finding to the contrary. The court also found a violation of the Consumer Fraud Act under rules and regulations of the Attorney General adopted pursuant to the Act. See 9 V.S.A. § 2453(c)–(d). It concluded that the plaintiffs were entitled to treble damages (measured by the purchase price), together with all legal fees, court costs, and interest at the rate of 8½% from the date of sale. See 9 V.S.A. § 2461(b).

■ ■ The appellant contends that the trial court erred in finding an implied warranty of merchantability with respect to these defects. We reject this contention. The argument against the trial court's finding is based on 9A V.S.A. § 2—316(3)(b). That section of the Uniform Commercial Code provides that no implied warranty attaches to defects which an examination ought to reveal if the buyer fails to examine the goods despite the seller's demand that he do so. See 9A V.S.A. § 2—316, Comment 8. Assuming the request involved in this case was a demand sufficient to bring § 2—316(3)(b) into operation, a question we do not decide, the appellant overlooks a 1972 amendment to § 2—316. That amendment provides, in part, that § 2—316(3)(b) "shall not apply to sales of new or unused consumer goods or services." 9A V.S.A. § 2—316(5). "[W]hen the meaning of a statute is plain on its face, this Court is required to enforce the statute according to its express terms." *Nolan* v. *Davidson,* 134 Vt. 295, 298, 357 A.2d 129, 131 (1976). Since there is no dispute that the tub and shower were new or unused consumer goods, the appellant cannot rely on the warranty exclusion in 9A V.S.A. § 2—316(3)(b).

■ The appellant also contends that the trial court was not entitled to take judicial notice of the rules and regulations of the Attorney General adopted pursuant to § 2453 (c) of the Consumer Fraud Act. See Vermont Administrative Compilation, Attorney General, Rule CF 102. We disagree. Both parties were aware of the trial judge's decision. (The defendant's attorney moved to dismiss the consumer fraud claim on the ground that the plaintiffs had not introduced these rules and regulations in evidence.) And the appellant concedes that they were promulgated and published in accordance with the Administrative Procedure Act, 3 V.S.A. §§ 801–820. They were therefore readily available. Furthermore, under that Act they "have the force and effect of law until amended or revised or until otherwise determined by a court of competent jurisdiction." 3 V.S.A. § 803 (d). In these circumstances the trial judge was entitled to notice the rules and regulations. See *Smith* v. *Highway Board*, 117 Vt. 343, 91 A.2d 805 (1952).

■ Rule CF 102, however, when viewed in light of the guidelines established by the Consumer Fraud Act, is invalid. 9 V.S.A. § 2453 (a) prohibits unfair or deceptive acts or practices in commerce. 9 V.S.A. § 2453 (c) authorizes the Attorney General to make rules and regulations, when necessary and proper to carry out the purposes of the Act, relating to such unfair or deceptive acts or practices in commerce. It also provides that "[t]he rules and regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts interpreting the Federal Trade Commission Act." Rule 102.02 provides that "[t]he sale of goods or services to a consumer and the subsequent failure of the seller or solicitor to honor his express and implied warranties with respect to such goods or services constitutes an unfair and deceptive trade act and practice in commerce under 9 V.S.A. Section 2453 (a)." Rule 102.04 excepts failure to honor warranty obligations where the seller can demonstrate "unusual or extraordinary facts" which would make the finding of a violation "inequitable in all the circumstances."

Rule 102 is too broad. The purpose of the Consumer Fraud Act is to protect citizens from unfair or deceptive acts of mer-

chants. 9 V.S.A. § 2453(b) mandates that the courts of this state be guided by the construction of similar terms contained in the Federal Trade Commission Act. The Supreme Court has recently noted the factors the Federal Trade Commission considers in addressing the question whether an act or practice not otherwise unlawful is nonetheless unfair:

> "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers . . . ."

*F.T.C.* v. *Sperry & Hutchinson Co.,* 405 U.S. 233, 244 n.5 (1972). See also *In re Pfizer, Inc.,* 81 F.T.C. 23 (1972). Whether one or all of these factors must be present in the circumstances is a question the Commission has not answered. "If all three factors are present, the challenged conduct will surely violate Section 5 [of the Federal Trade Commission Act] even if there is no specific precedent for proscribing it . . . . Beyond this, it is difficult to generalize." Statement of Basis and Purpose of Trade Regulation Rule 408, Unfair or Deceptive Advertising and Labeling of Cigarettes in Relation to the Health Hazards of Smoking. 29 Fed. Reg. 8355 (1964). The case at bar presents no unfairness under any construction of these factors. It involves nothing more than a good faith factual dispute as to who damaged these goods. Merchants have a right to test, in a court of law, whether, in fact, warranties have been violated. This may cause injury to consumers but not through any unfairness, and it is only when unfairness is involved that the Act gives the Attorney General the authority to make rules and regulations relating to it.

*Judgment vacated. Cause remanded for the entry of a new judgment order awarding actual damages, interest and costs. Let the defendant recover its cost in this Court.*