### Sandy Hershenson v. Lake Champlain Motors, Inc., and Fiat Distributors, Inc.

[424 A.2d 1075]

No. 214-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 15, 1981

220

*David H. Greenberg,* Law Offices of *Samuel S. Bloomberg,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *J. Wallace Malley, Jr.,* Assistant Attorney General, Montpelier, for amicus curiae State.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Lake Champlain.

*Yandell, Archer & Foley,* Burlington, for Fiat.

**Daley, J.** The plaintiff purchased a 1974 Fiat from Lake Champlain Motors, Inc. Approximately three months later, he

discovered a noxious odor which was present only when a particular combination of windows and vents was open. He brought the odor to the attention of both Champlain (his vendor) and Fiat Distributors, Inc. (a Fiat distributor), and after their repeated failures to alleviate the odor, brought suit against both.

In his complaint, plaintiff alleged a breach of express warranty by both defendants and a consumer fraud violation by Champlain alone. A jury trial resulted in plaintiff's verdicts on all counts. Compensatory damages were awarded on the warranty claims. Both compensatory and punitive damages were awarded on the consumer fraud claim. Attorney's fees were also awarded against Champlain under the consumer fraud claim as authorized by 9 V.S.A. § 2461(b). Each defendant appeals from the judgment on the respective verdicts. The plaintiff cross-appeals that part of the judgment which awards attorney's fees against defendant Champlain, claiming inadequacy. The Attorney General filed an amicus brief seeking to have us reconsider our decision in *Christie* v. *Dalmig, Inc.*, 136 Vt. 597, 396 A.2d 1385 (1979).

Defendants urge a variety of theories in support of reversal. Champlain argues for reversal of the consumer fraud judgment on the theory that our holding in *Christie* v. *Dalmig, Inc.*, *supra*, invalidated Attorney General's Rule CF 102, the underlying basis of that claim. Champlain also seeks reversal on the theory that the plaintiff failed to establish the defect which gave rise to the odor. Fiat urges reversal because the plaintiff failed to prove the defect and because the damage figure is not that permitted under 9A V.S.A. § 2—714(2). Finally, the state, in its brief as amicus curiae, urges us to affirm either by reconsidering our decision in *Christie*, *supra*, or by independently holding that good faith is not a defense to an unfair trade practice claim.

The plaintiff's consumer fraud claim is based on Attorney General's Rule CF 102, which was promulgated under authority delegated to that office by 9 V.S.A. § 2453(c). The purpose of that rule was to define certain unfair trade practices proscribed generally by 9 V.S.A. § 2453(a). The rule purported to make a seller's failure to honor express or implied warranties an unfair trade practice. Unfairness, in the

traditional sense of the word, was not made an element of the offense. Subsequent to the trial court's decision in this case, this Court struck down CF 102 for overbreadth, citing the requirement in 9 V.S.A. § 2453(c) that the rules be consistent with the intent of the Federal Trade Commission Act. *Christie, supra,* 136 Vt. at 600–01, 396 A.2d at 1387–88. On the authority of that case, therefore, any award made under that rule must be vacated.

■ We decline to review our decision in *Christie, supra,* and therefore reverse the lower court's judgment as it pertains to the consumer fraud claim. The award of compensatory and punitive damages on that count, as well as that of attorney's fees, is therefore to be vacated.

■ Both defendants made motions for judgment notwithstanding the verdict which were denied. The grounds for those motions were substantially the same as those urged as the bases for the appeal. The standard of review is therefore whether the evidence considered in the light most favorable to the plaintiff establishes a cause of action in his favor. Eliminating consideration of weight, credibility and conflicting inferences, the question is whether the result reached by the jury is sound in law on the evidence produced. *Perkins* v. *Factory Point National Bank,* 137 Vt. 577, 579, 409 A.2d 578, 579 (1979). The correctness of the court's rulings on the defendants' motions with respect to the warranty claim must be examined in this light.

■ The defendant Champlain expressly warranted its product to be free, under normal use and service, from defects in materials and workmanship. An element in the proof of a breach of warranty is proof that a defect existed in the product at the time that it left the possession and control of the defendant. *Rogers* v. *W. T. Grant Co.,* 132 Vt. 485, 487, 321 A.2d 54, 57 (1974) (implied warranty of merchantability); *Haas* v. *Buick,* 20 Ill. App. 2d 448, 454, 156 N.E.2d 263, 266 (1959) (express warranty). The sufficiency of proof, as a matter of law, with respect to this element was made the subject of defendants' motions for judgment notwithstanding the verdict, and is raised as a basis for reversal by both appeals.

Viewed in the light most favorable to the plaintiff, the evidence may be summarized as follows. The odor was first detected more than three months after the car was purchased. At that time, it had been driven almost 3,900 miles. The problem was brought to the attention of both defendants, who tried without success to locate its source. There is little dispute that, when present, the odor nauseated those riding in the car. Nonetheless, at the time of trial, the car had been driven approximately 28,000 miles, both for personal and commercial purposes.

Repeated efforts to locate and alleviate the source of the odor were to no avail. Prior to its discovery, the car was brought to Champlain for its 1,500 mile servicing. All defects complained of at that time were corrected. After discovery of the odor, the engine was examined for leakage of exhaust fumes and for an overcharged battery. Neither condition existed. The undercoating around the exhaust system was examined and no defects were found. Plastic sheeting was installed beneath and behind the back seat. A silicone sealer was used to stop the transfer of air from the trunk to the passenger compartment. This also had no effect. An expert from Fiat claimed to have replaced every component which might have been responsible for the odor and still it persisted.

In sum, the evidence confirms the presence of an odor, but fails to disclose its source. None of the evidence produced establishes the requisite defect in materials or workmanship. Therefore, in view of the burden of proof placed upon the plaintiff by the holdings of *Rogers* and *Haas, supra,* the court erred in denying defendants' motions for judgment notwithstanding the verdict.

The plaintiff would have us believe that he met his burden of proof by means of circumstantial evidence. In a breach of warranty case,

> [c]ircumstantial evidence may be resorted to . . . if there can be drawn therefrom a rational inference that [a defect in the defendant's product] was the source of the trouble. There must be created in the minds of the jurors something more, of course, than a possibility, suspicion or surmise, but the requirements of the law are satisfied

if the existence of this fact is made the more probable hypothesis, when considered with reference to the possibility of other hypotheses.

*Patton* v. *Ballam,* 115 Vt. 308, 314, 58 A.2d 817, 821 (1948). A review of the facts convinces us that although the necessary rational inference may have been established, there is nothing to indicate that it is the more probable hypothesis.

■■ The plaintiff would also rely on the doctrine of res ipsa loquitur to establish the existence of a defect in the automobile. This doctrine has application only to the law of negligence, however, and does not apply to actions sounding in breach of warranty. *Trust* v. *Arden Farms Co.,* 50 Cal. 2d 217, 223, 324 P.2d 583, 586 (1958). Even if it did, plaintiff has failed to meet his burden of proof. In order to avail himself of that doctrine, he must prove that "[t]he subject instrumentality . . . must have been under the defendant's control and management in such a way that there can be no serious question concerning the defendant's responsibility for the misadventure . . . ." *Marsigli* v. *C. W. Averill Co.,* 123 Vt. 234, 236, 185 A.2d 732, 733 (1962). The fact that the odor was only discovered three months after delivery and almost 3,900 miles down the road indicates that the proof of this element is not made out. The purpose of this requirement is to allow for the inference that nothing but the defendant's negligence could have caused the problem which is the subject of the litigation. Such an inference is clearly not warranted on the state of the record before us.

In light of the fact that the plaintiff has failed to establish a prima facie case on the issue of breach of warranty, and under our holding in *Christie* v. *Dalmig, Inc., supra,* the judgments for the plaintiff must be reversed and judgments rendered for the respective defendants.

*Judgments reversed. Judgment entered in favor of each defendant.*