### Trudy Cappiallo v. Forest Northrup

[552 A.2d 415]

No. 87-062

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed August 26, 1988

---

*Case & Cole-Levesque*, Bethel, for Plaintiff-Appellant.

*Angell & Angell*, Randolph, for Defendant-Appellee.

**Allen C.J.** Plaintiff appeals from a judgment after a jury verdict in defendant's favor, in a suit alleging that defendant's hay caused the death of three of plaintiff's thoroughbred horses. We affirm.

Plaintiff bought 250 bales of hay from defendant to feed nine horses housed on her father's farm during the fall and winter of 1984-85. Defendant is in the business of selling hay for such purposes. Plaintiff noticed that several of the horses started losing weight and increased the grain portion of their feed; three of the horses subsequently died. The veterinarian who treated the animals and evaluated the autopsies of two of them testified that they died from ingesting bracken fern.

On appeal, plaintiff contends that the trial court committed reversible error in (1) admitting the opinion testimony of a defense witness on the cause of death of the horses, and (2) refusing to enter a judgment notwithstanding the verdict or to grant plaintiff's motion for a new trial. Plaintiff's principal contention is that the trial court erred in allowing the testimony of Floyd Fuller, who was called by defendant to testify about the effect of bracken fern on plaintiff's horses. Plaintiff's objections at trial were based on the witness' lack of skill and knowledge required to make medical opinions of the causes of death of animals and his lack of personal knowledge of the facts before the court.

We first address plaintiff's contention that Fuller lacked the necessary qualifications to testify as an expert. V.R.E. 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The competency of a witness, including an expert witness, ia a preliminary matter for the trial court, and its decision is conclusive unless it appears from the evidence to have been erroneous or founded on an error of law. *Alling Con-*

*struction Co.* v. *Bissette,* 132 Vt. 331, 333, 318 A.2d 666, 668 (1974).

The Reporter's Notes to Rule 702 indicate that "[t]he language of the rule is intended to embrace not only witnesses having technical expertise but so-called 'skilled witnesses' as well — those having any relevant special knowledge . . . ." See *In re New England Telephone & Telegraph Co.,* 135 Vt. 527, 536, 382 A.2d 826, 833 (1977).

In the present case, Fuller was candid about the limited nature of his own expertise. He characterized himself as a horse dentist who had practiced his trade for about sixty-seven years and who treated 250 to 300 horses a year in Vermont and New Hampshire. He claimed familiarity with bracken fern from twenty-five years of farming and admitted that he was not a veterinarian. While plaintiff argues that Fuller claimed no special skill or knowledge other than that required to be a horse dentist, it is clear from the transcript that defendant relied on his background and experience as a farmer rather than as a horse dentist, and V.R.E. 702 does not require more. See *Lewis* v. *John Crane & Sons,* 78 Vt. 216, 225, 62 A. 60, 63 (1905) (opinion of experienced painter as to weight-bearing capabilities of hook holding staging); *Santana Marine Service, Inc.* v. *McHale,* 346 F.2d 147, 148 (5th Cir. 1965) (" A person may become qualified as an expert by practical experience and home study. Professional education is not a prerequisite.").

The main goal of the trial court in considering the admission of expert testimony under V.R.E. 702 is to avoid the possibility of misleading the jury by allowing a witness to enjoy greater credence than his qualifications would otherwise allow. Where an expert's limitations are made clear, both on direct testimony and cross-examination, the court may not be said to have abused its discretion in allowing the testimony. See *Scholz Homes, Inc.* v. *Wallace,* 590 F.2d 860, 863 (10th Cir, 1979). It is clear from both direct and cross-examination that Fuller offered a limited opinion to match limited qualifications.

"Though it is for the court to judge, in the first instance, whether witnesses introduced as experts possess sufficient skill to entitle them to give an opinion, it is for the jury to determine from the testimony whether such experts have sufficient skill to render their opinion of any importance." *State* v. *Bishop,* 128 Vt. 221, 228, 260 A.2d 393, 398 (1969). "While an opinion still 'rises

no higher than the level of the evidence and the logic upon which it is predicated,' it is . . . for the jury, with the assistance of vigorous cross-examination, to measure the worth of the opinion." *Singer Co.* v. *E.I. du Pont de Nemours & Co.*, 579 F.2d 433, 442-43 (8th Cir. 1978) (quoting *United States* v. *Hill*, 62 F.2d 1022, 1025 (8th Cir. 1933)). The trial court did not err in permitting Fuller to testify. See *Martin* v. *Fleissner GMBH*, 741 F.2d 61, 64 (4th Cir. 1984); *Mannino* v. *International Manufacturing Co.*, 650 F.2d 846, 851 (6th Cir. 1981).

■ Plaintiff's next claim is that Fuller's opinion was not based on his personal observations and that he failed to base his opinion on facts upon which the jury could reasonably rely. The witness admitted that he did not have firsthand knowledge of the horses. He had, however, heard the testimony regarding the horses' diet by the witnesses for the plaintiff and could base his opinion on the facts made known to him at trial. V.R.E. 703. See *In re W.H.*, 144 Vt. 595, 600, 481 A.2d 22, 26 (1984). The fact that the opinion was limited to the witness' own experience with horses and based upon testimony at trial about the horses and their diets — rather than clinical evidence from a medical examination — was clear to all, and the trial court was not bound to exclude it. V.R.E. 703.

■ Finally, plaintiff argues that the trial court erred in refusing to grant a new trial, on grounds that the verdict was contrary to the weight of the evidence and because the verdict was the result of a sympathetic jury which ignored the facts, and in refusing to enter a judgment notwithstanding the verdict under V.R.C.P. 50(b). In evaluating a claim that the verdict was against the weight of the evidence we must view the evidence in the light most favorable to the prevailing party. *Hershenson* v. *Lake Champlain Motors, Inc.*, 139 Vt. 219, 222, 424 A.2d 1075, 1077 (1981). We must also eliminate from consideration the weight, credibility, and conflicting inferences to be drawn from the testimony, the very factors which plaintiff relies on in this appeal. *Id.*; *Perkins* v. *Factory Point National Bank*, 137 Vt. 577, 579, 409 A.2d 578, 579 (1979). We decided earlier that the trial court could properly conclude that the jury was not misled by defendant's expert. A motion for a new trial rests solely within the discretion of the trial court and will not be reversed on appeal unless an abuse is shown. *Hardy* v. *Berisha*, 144 Vt. 130, 133, 474 A.2d 93, 95 (1984). No abuse has been shown.

Likewise, we will not disturb the trial court's denial of plaintiff's motion for a judgment notwithstanding the verdict. Viewed in the light most favorable to the defendant, there was ample evidence tending fairly and reasonably to justify the verdict. See *Beaucage* v. *Russell*, 127 Vt. 58, 60, 238 A.2d 631, 633 (1968).

*Affirmed.*