Hetman v. Lexington Mgt. Corp., No. 1225-02 CnC  (Katz, J., May 4, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                             Docket No. 1225-02 CnCv

HETMAN

v.

LEXINGTON MGT. CORP.

ENTRY
(Reconsideration of Summary Judgment)

Senator Howard Baker famously asked of President Nixon "What did he know and when did he know it?"  Is not the same question apt and ultimately determinative in this premises liability case:  What should the hotel have known and when should it have known it?  Has plaintiff presented evidence of what the lamp cord looked like prior to her accident, and sufficiently prior to that accident that it should have been seen and acted upon by the hotel in meeting its duty of reasonable care?

Although plaintiff dribbles out a small amount of additional factual evidence, in seeking reconsideration, the actual, factual, evidentiary record remains sparse.  If plaintiff is saying that a portion of the insulation

was missing when she looked at the cord after the accident, what does that tell us of

- what the cord looked like immediately prior to the accident?
- how long the cord resembled its immediate, pre-accident appearance?
- what degree of inspection would have been necessary to see that pre-accident defect?[1]

Until we can conclude that, with reasonable care, the hotel would have noticed the defect, it remains speculative to conclude that its duty to plaintiff was breached.

Plaintiff suggests that the court "intuitively reasoned" that ordinary care would not necessarily have discovered the injury-causing defect. Not meaning to be defensive, we nevertheless persist in the conclusion that it is plaintiff who is intuitive in her assertion that the defect would have been observed in the exercise of reasonable care. In so persisting, we even accede to plaintiff's level of care, coming as it does from professional fussbudgets, but continue to ask the same question: Had this hotel visually checked this lamp cord, even the day before, what would it have seen? Plaintiff's answer, in terms of what she saw after the incident, does not answer this question.

Plaintiff also asserts the benefit of res ipsa loquitor. Circumstantial proof of negligence under res ipsa requires proof of four elements: (1) legal duty owing from defendant to exercise certain degree of care in connection with particular instrumentality to prevent the very occurrence

---

[1] It is in the details of this particular question where plaintiff fails to establish a standard of reasonable care under the Carroll Towing analysis. United States v. Carroll Towing, 159 F.2d 169 (2d Cir. 1947). We presumed in our previous entry that any type of daily or close scrutiny as plaintiff is suggesting would come with some not-insignificant burden to the defendant and its industry, which, notwithstanding the potential severity of the injury, would require proof of greater frequency to sustain. Hetman v. Lexington Mgt. Corp., No. 1225-02CnC, at 3 (Katz, J., Jan. 15, 2004).

that has happened; (2) the subject instrumentality at the time of the occurrence must have been under defendants control such that there could be no serious question concerning his responsibility; (3) the instrument must be the producing cause of injury; and (4) the event which brought on harm must have been such that it would not ordinarily occur except for want of requisite care on the part of defendant as the person responsible for the injuring agent.  Gentles v. Lanctot, 145 Vt. 396, 398 (1985).  The second, or control, element of res ipsa was the focus of our court's attention in Hershenson v. Lake Champlain Motors, Inc., 139 Vt. 219 (1981).  There it was held that the sellers of a Fiat could not be held liable for unexplained odors emanating from its body, months after the sale.

> The fact that the odor was only discovered three months after delivery and almost 3,900 miles down the road indicates that the proof of this element is not made out.  The purpose of this requirement is to allow for the inference that nothing by the defendant's negligence could have caused the problem which is the subject of the litigation.  Such an inference is clearly not warranted. . . .

139 Vt. at 224.  Here, we are concerned with the bedside lamp cord in a hotel room which is rented out to a different person almost nightly.  What sharp or hot object might have been placed on the exposed portion of that cord, and who might have done so, are questions without answers.  But certainly defendant hotel did not have anywhere near the exclusive control that would support the inference that it must have caused the problem.  Compare 40A Am. Jur.2d Hotels § 126 (res ipsa is largely inapplicable to light bulbs and furniture, which are outside the hotel's exclusive control); with id. at § 125 (res ipsa applied where injuries have stemmed from falling ceiling plaster and the hotel's swimming pool).

Eliminating res ipsa as a source of proof, we are back to ordinary premises liability.  Assuming plaintiff is correct that the cord constituted a danger to her at the time of the accident, we remain denied of proof as to

when and how the hotel would have discovered the danger, employing ordinary care.

Case dismissed.

Dated at Burlington, Vermont, _____, 2004.

_____

Judge